## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HENRY LEE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-01104-LTS |
| BUTH NA-BODHAIGE, INC., doing business as THE BODY SHOP, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

_____)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop" or "Defendant"), by and through its attorneys, hereby answers plaintiff's Class Action Complaint ("Complaint"), as follows:

1.    The Body Shop admits the allegation in Paragraph 1 of the Complaint that Plaintiff purports to bring this action as a class action pursuant to the Fair and Accurate Credit Transactions Act ("FACTA") on behalf of himself and all others similarly situated and refers to the FACTA for the terms thereof, but The Body Shop denies that this case should proceed as a class action and denies that Plaintiff and/or putative class action members have a viable claim for relief or are entitled to any relief.  The Body Shop denies the remaining allegations in Paragraph 1 of the Complaint.

2.    The allegations in Paragraph 2 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them.

63621653

3.      The allegations in Paragraph 3 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them.

4.      The allegations in Paragraph 4 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them.

5.      The allegations in Paragraph 5 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them, and refers to the cited National Law Journal article for the terms thereof.

6.      The allegations in Paragraph 6 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them, and refers to the cited Federal Trade Commission report for the terms thereof.

7.      The allegations in Paragraph 7 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.

8.      The allegations in Paragraph 8 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them, and refers to 15 U.S.C. § 1681c(g)(1) for the contents thereof.

9.      The allegations in Paragraph 9 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them, and refers to 15 U.S.C. § 1681c(g) and the cited decisions for the contents thereof.

10.      The allegations in Paragraph 10 of the Complaint contain no factual assertions to which The Body Shop is required to respond, and on that basis denies them.

11.      The allegations in Paragraph 11 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.

12.     The allegations in Paragraph 12 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.

13.     The Body Shop admits the allegations in Paragraph 13 of this Complaint that this Court has federal question jurisdiction over the federal claim set forth in the Complaint.  The Body Shop denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond.  To the extent that The Body Shop is required to respond, it admits that as of December 7, 2015, it operated a store at 420 Lexington Avenue, New York, New York.  The Body Shop denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.  To the extent The Body Shop is required to respond, The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16.     The Body Shop admits that it is a Delaware corporation with its principal place of business at 77 Deans Rhode Hall Road, Monmouth Junction, New Jersey 08852.  The Body Shop denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.

18.     The Body Shop denies the allegations in Paragraph 18 of the Complaint.

19.     The Body Shop denies the allegations in Paragraph 19 of the Complaint.

20.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23.     The Body Shop denies the allegations in Paragraph 23 of the Complaint.

24.     The Body Shop admits the allegations in Paragraph 24 of the Complaint.

25.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and on that basis denies them.

26.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and on that basis denies them.

27.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies them, and refers to the cited 2006 edition of "Rules for Visa Merchants" for the terms thereof.

30.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and on that basis denies them.

31.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and on that basis denies them.

4

32.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and on that basis denies them.

33.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies them, and refers to the cited bulletin for the terms thereof.

34.     The Body Shop admits the allegations in paragraph 34 of the Complaint.

35.     The Body Shop denies the allegation in the first sentence of Paragraph 35 of the Complaint that The Body Shop is a member of the National Retail Federation.  The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 35 of the Complaint and on that basis denies them.

36.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and on that basis denies them.

37.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and on that basis denies them.  The Body Shop further denies the allegation and/or implication in Paragraph 37 of the Complaint that The Body Shop willfully violated FACTA.

38.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies them, and refers to the cited 2007 memo for the terms thereof.

39.     The Body Shop denies the allegations in Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond.  To the extent that The Body Shop is required to respond, it denies the allegations and/or implications that The Body Shop willfully violated

FACTA.  The Body Shop further denies the remaining allegations in Paragraph 40 of the Complaint.

41.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and on that basis denies them.

42.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and on that basis denies them

43.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and on that basis denies them.

44.     The Body Shop denies the allegations and/or implication in the first part of Paragraph 44 of the Complaint that The Body Shop willfully violated FACTA.  The Body Shop denies the remaining allegations in Paragraph 44 of the Complaint.

45.     The Body Shop denies the allegations in Paragraph 45 of the Complaint.

46.     The Body Shop denies the allegations in Paragraph 46 of the Complaint.

47.     The Body Shop admits that a lawsuit was brought against it alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, and that it settled the matter prior to trial.  The Body Shop denies the remaining allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them, and refers to the content of 15 U.S.C. § 1681c(g)(1) for the contents thereof.  The Body Shop denies the remaining allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them, and refers to the content of 15 U.S.C. § 1681n for the contents thereof.

50.    The Body Shop denies the allegations in Paragraph 50 of the Complaint.

51.    The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51 of the Complaint and on that basis denies them.  The Body Shop further denies the allegation and/or implication in Paragraph 51 of the Complaint that The Body Shop willfully violated FACTA.

52.    The Body Shop denies the allegations in Paragraph 52 of the Complaint.

53.    The Body Shop admits the allegation in Paragraph 53 of the Complaint that Plaintiff purports to bring this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), but The Body Shop denies that this case should proceed as a class action and denies that Plaintiff and/or putative class action members have a viable claim for relief or are entitled to any relief. The Body Shop further denies the remaining allegations in Paragraph 53 of the Complaint.

54.    The Body Shop admits the allegation in Paragraph 54 of the Complaint that the Plaintiff purports to bring this case as a class action, but The Body Shop denies that this case should proceed as a class action and denies that Plaintiff and/or putative class action members have a viable claim for relief or are entitled to any relief.  The Body Shop further denies the remaining allegations in Paragraph 54 of the Complaint.

55.    The Body Shop denies the allegations in Paragraph 55 of the Complaint.

56.    The Body Shop denies the allegations in Paragraph 56 of the Complaint.

57.    The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 of the Complaint and on that basis denies them.

58.    The allegations in Paragraph 58 of the Complaint (including all subparagraphs) constitute conclusions of law to which The Body Shop is not required to respond, and on that basis denies them.

59.     The Body Shop denies the allegations in Paragraph 59 of the Complaint.

60.     The Body Shop denies the allegations in Paragraph 60 of the Complaint.

61.     The Body Shop lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61 of the Complaint and on that basis denies them.

62.     The Body Shop denies the allegations in Paragraph 62 of the Complaint.

63.     Plaintiff's Prayer for Relief in the unnumbered paragraph following Paragraph 62 contains no factual assertions to which Defendant is required to respond.  To the extent the Prayer for Relief may be deemed to require a response, The Body Shop denies each and every allegation in the Prayer for Relief (as well as the subparagraphs therein), and denies that statutory damages, attorneys' fees and costs, interest, punitive damages, or any other relief sought is appropriate or required.

64.     The Jury Demand in the Complaint contains no factual assertions that require a response from Defendant.  To the extent the Jury Demand is deemed to require a response, The Body Shop denies each and every allegation.

65.     All allegations in the Complaint not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

The Body Shop reserves the right to supplement or amend its Answer to include additional affirmative defenses as additional information becomes available.  In setting forth the following "affirmative defenses," The Body Shop does not concede that it has the burden of proof or production on any of them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state facts sufficient to constitute a claim or cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III because he suffered no actual or concrete injury as a result of the conduct alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed, neglected and/or refused to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any purported increased risk of identity theft or other future harm, which in any event is purely conjectural.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of unclean hands, waiver, abandonment, laches, estoppel, and/or other equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

Any purported damages or injury to Plaintiff, which Defendant denies, were not proximately caused by any acts or omissions of Defendant and are the result of acts or omissions of third parties.

## SEVENTH AFFIRMATIVE DEFENSE

Any purported damages or injury to Plaintiff, which Defendant denies, were the result of intervening or superseding conduct of Plaintiff and/or third parties over whom Defendant had no control.

## EIGHTH AFFIRMATIVE DEFENSE

The action may not be properly maintained as a class action because a class action is not the superior or appropriate method for fair and adjudication under the requirements set forth by Fed. R. Civ. P. 23 and because it otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

## NINTH AFFIRMATIVE DEFENSE

Defendant had reasonable grounds to believe its actions did not violate any applicable laws and believed its actions to be consistent with all legal requirements, including FACTA.

## TENTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant was undertaken in good faith and Defendant did not recklessly, knowingly, intentionally, or willfully violate FACTA.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory damages and other damages sought would, if awarded, be an unconstitutional breach of defendant's right to due process under the Fifth Amendments of the U.S. Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against The Body Shop under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The statutory and other damages sought would result in a penalty so disproportionate to the alleged harm that would, if awarded, violates the prohibition against excessive fines under the Eighth Amendment.

10

## FOURTEENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to assert a claim that predates the applicable statute of limitations, such claim is barred by the applicable statute of limitations or the doctrine of laches.  The limitations period applicable to the claim Plaintiff seeks to assert is two years.  To the extent that Plaintiff purports to base any part of the claim on events occurring more than two years prior to the filing, such claim is not actionable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend its affirmative defenses and allege further affirmative defenses as they may become known through the course of discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, The Body Shop prays for the following relief:

1.      That Plaintiff takes nothing by his Complaint;

2.      That Plaintiff's Complaint be dismissed with prejudice in its entirety;

3.      That The Body Shop be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and

4.      That The Body Shop be awarded such other and further relief as this Court deems just and proper.

11

Dated:  June 13, 2016                    Respectfully submitted,


                                         /s/ Kerry Alan Scanlon
                                         Kerry Alan Scanlon *(admitted pro hac vice)*
                                         Jeremy White *(admitted pro hac vice)*
                                         KAYE SCHOLER LLP
                                         901 15th Street, NW
                                         Washington, DC 20005
                                         Phone: (202) 682-3500
                                         Fax: (202) 682-3580
                                         kerry.scanlon@kayescholer.com
                                         jeremy.white@kayescholer.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.


/s/ Jeremy White
Jeremy White

13