**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HENRY LEE, on behalf of himself and
all others similarly situated,

                 **CASE NO. 1:16-cv-01104 (LTS)**

     Plaintiff,

v.

BUTH-NA-BODHAIGE, INC.,
a Delaware corporation,
d//b/a THE BODY SHOP, and
DOES 1-10,

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE, AND TO DISMISS OR STAY, OR IN THE ALTERNATIVE TRANSFER THIS CASE, PURSUANT TO THE FIRST-TO-FILE RULE

Pursuant to Federal Rule of Civil Procedure 24(b), Shane Flaum moves to intervene, and to dismiss, stay or transfer this case pursuant to the well-established first-to-file rule. *See, e..g., First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989); *Galluzzo v. Holder*, 633 F.3d 111 (2d Cir. 2011) (supporting application of first-to-file rule).

### I. Introduction

This case is entirely duplicative of an earlier-filed class action pending in the Southern District of Florida, *Flaum v Buth Na-Bodhaige, Inc.*, 15-cv-62695-WJZ. Both cases raise the same claims based on the same conduct, and both seek a nationwide class, although the Flaum class is larger and subsumes the class proposed here because Flaum was filed earlier. Needless to say, allowing both cases to continue to proceed in two different courts would be antithetical to judicial economy. Yet Defendant opposes this motion and amazingly prefers to litigate in two different forums.

Therefore, to avoid duplicative effort, judicial waste, and the potential for inconsistent rulings, as well as to prevent Defendant from playing both cases against one another in a "reverse auction" in settlement talks, to the detriment of the class members, Mr. Flaum moves to intervene to request that this action be dismissed or stayed pending the resolution of the first-filed Flaum case under the well-established first-to-file rule or, in the alternative, that this action be transferred to the Southern District of Florida for coordinated proceedings with Flaum before a single judge.

## II. Background

*Flaum* was filed on December 27, 2015, asserting Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA") by issuing point-of-sale transaction receipts that illegally disclose private credit card account information. Despite the pendency of Flaum, Plaintiff Lee filed this lawsuit on February 12, 2016, to assert the same claims based on the same practice for a nearly identical class.[1] Both cases seek to certify a nationwide class dating back two years before the date of their complaints but, because Flaum was filed earlier, its class subsumes the class proposed here.

Unlike this case, which has seen only minimal activity to date, the parties in Flaum have invested substantial time and resources. This includes negotiating a stipulated order to facilitate discovery production, fully briefing a motion to compel the production of class discovery, and moving for appointment as interim class counsel.

Because the two cases are materially identical, it would be wasteful for both to proceed in

---

[1] Both cases allege Defendant routinely violated FACTA's prohibition against printing more than the last five digits of its customers' credit card numbers on transaction receipts by disclosing ten digits (the first six and last four) of its customers' credit card numbers on transaction receipts. See Exhibit 1 (Flaum Complaint) ¶27 and Exhibit 2 (Lee Complaint) ¶22. Both cases allege Defendant's violation was willful and thus entitle the plaintiffs and their proposed classes to an award of statutory damages. Id. at ¶61-¶62 (Flaum) and ¶46 (Lee).

separate courts, and potentially counterproductive as Defendant may try to play both cases off against one another in settlement talks by conducting a reverse auction, to the class members' detriment. Accordingly, because *Flaum* was filed first, is more advanced and subsumes the class proposed here, the instant case should be dismissed or stayed, or alternatively transferred to proceed with *Flaum* before a single judge, under the well-established first-to-file rule. Thus, Mr. Flaum should be allowed to intervene to seek that relief, which in turn should be granted.

### III. Argument

#### A. Mr. Flaum Should Be Permitted to Intervene.

Motions to intervene in class actions "should be liberally allowed[.]" C. Wright et al., 7B FEDERAL PRACTICE & PROCEDURE § 1799 at 246 (3d ed. 2005). Consistent with this principle, Rule 23 expressly provides that class members should have the opportunity "to intervene and present claims or defenses, or [] otherwise come into the action" to protect class members and fairly conduct the action. Fed. R. Civ. P. 23(d)(1)(B)(iii). Mr. Flaum should be permitted to intervene for the purpose of considering his request to stay, dismiss or transfer this case pending resolution of the first-filed Flaum case. Usually such a motion is unnecessary as Defendant is the party that usually bring such a motion. The fact that it opposes this motion should speak volumes as to the need to stay this case to prevent a reverse auction.

Rule 24(b) allows permissive intervention if the application to intervene is timely, the applicant's claim or defense shares a common question of law or fact with the main action, and the intervention will not unduly delay or prejudice the adjudication of the rights' of the existing parties. *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000).[2] As shown below,

---

[2] A proposed intervenor under Rule 24(b) may also be required to show the Court has subject matter jurisdiction over his claim, and attach a copy of his pleading. *See Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). These requirements do not

Mr. Flaum meets all of these criteria.

      **(i)**      **Mr. Flaum's Request to Intervene is Timely.**

Rule 24(b)'s first element is that the motion to intervene must be timely. Whether a motion to intervene is timely is a "decision . . . entrusted to the district judge's sound discretion." *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014). (internal quotation marks omitted). The requirement of timeliness "defies precise definition, although it certainly is not confined strictly to chronology." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Courts evaluating timeliness consider the totality of the circumstances, focusing on a variety of factors: "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Farmland Dairies v. Comm'r of N.Y. Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988).

In *SEC v. Callahan*, 2 F. Supp. 3d 427 (ED NY 2014), the Court found that a delay of more than one year and five months would weigh against timeliness. 2 F. Supp. 3d at 438 ("Nevertheless, RBS Citizens waited a year and five months to seek to intervene. Courts in this Circuit have found similar delays to be untimely."). Other courts have similarly held. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) (finding a delay of more than a year to weigh in favor of untimeliness); *United States v. Simpson Borough Place Corp.*, No. 01-CV-693 DLI VVP, 2007 WL 2581888, at *3 (E.D.N.Y. Sept. 5, 2007) ("A delay of fifteen months is untimely."). On the other hand, delays of up to a year have been found not to be

---

apply here because Mr. Flaum is not seeking to litigate his claim in this Court. Id. In any event, the Court would have jurisdiction over Mr. Flaum's claims if sought to litigate them here because he asserts a federal question under FACTA, and a copy of his pleading demonstrating this is attached to this motion as Exhibit 1.

untimely. See, e.g., *See also Arthur v. Sallie Mae, Inc*., No. 2:10-cv-00198-JLR (W.D. Wash. June 6, 2011) (motion to intervene filed after approximately one year). In other cases, motions have been held to be timely if filed before entry of judgment. *Edwards v. City of Houston*, 78 F. 3d 983 (5th Cir. 1996) ("that these motions were filed prior to entry of judgment favors timeliness, as most of our case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation.").

Here, even in the worst case, it cannot be argued that Flaum waited more than seven months, since the case was not filed until February 16, 2016. Arguably, since Flaum was not provided notice of this action, a portion of the interim time period elapsed before he discovered it on his own. Under the circumstances here, and at this stage of the litigation, any delay in filing the instant motion, at this point, is negligible, and certainly not dispositive of the motion.

### (ii) Mr. Flaum's Claims Raise Questions of Law or Fact that Are Common to the Claims Raised in this Case.

Rule 24(b)'s second element is that Mr. Flaum must "ha[ve] a claim … that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Mr. Flaum squarely meets this criterion because his claims and the claims in the instant case raise identical questions of law and fact against the same defendant on behalf of nearly identical classes. Both cases allege Defendant willfully violated FACTA by engaging in the same practice of printing transaction receipts that disclose the same private credit card information, both cases seek statutory damages as a result of this practice, and both cases seek to vindicate these claims on behalf of a nationwide class (although Mr. Flaum's class is larger, and subsumes Mr. Lee's class, because his case was filed first and has been pending longer). Accordingly, the second intervention requirement is also met.

### (iii) Mr. Flaum's Intervention Will Not Cause Undue Delay or Prejudice.

Rule 24(b)'s third element is that the proposed intervention will not cause undue delay or prejudice to the parties. This element is also plainly met. Mr. Flaum's intervention will not cause undue delay because the consideration of his proposed motion to dismiss, stay or transfer is a straightforward matter based on the well-established first-filed rule, and there is no pending activity that will be forestalled while the Court considers that motion. Furthermore, even if the motion to dismiss, stay or transfer could create some delay, it would not be "undue" because this motion aims to promote judicial economy by eliminating the need for the Court to hear an entirely duplicative lawsuit. Mr. Flaum's intervention also will not cause any prejudice. Plaintiff Lee is a putative class member in Flaum, and thus his interests are protected by that case and he can vindicate his rights that case if this Court decides to dismiss, stay or transfer the instant action to proceed with Flaum. Moreover, Defendant will benefit from consideration of the proposed dismissal, stay or transfer because, if granted, Defendant avoids incurring the time and expense of litigating the same class action claims in two courts instead of one.

In short, all of the conditions for granting permissive intervention under Federal Rule 24(b) are met, and Mr. Flaum should be permitted to intervene to present his request to dismiss, stay, or alternatively, transfer this case to proceed with Flaum.

**B.     This Case Should Be Dismissed, Stayed or Transferred to Proceed with Flaum under the First-to-File Rule.**

Mr. Flaum respectfully submits that the "first-to-file" rule dictates that the Court grant the instant motion. The Second Circuit discussed this rule in *Adam v. Jacobs*, 950 F.2d 89 (2d Cir.1991), and stated as follows:

> "`Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.'" *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (citations omitted). Deference to the first filing

> "embodies considerations of judicial administration and conservation of resources." *Id*. at 80 (citations omitted). The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*, 342 U.S. 180, 188-84, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

Id. at 92. The court emphasized the overriding policy considerations of conserving judicial resources and ensuring that the parties' controversy be resolved in a single determination. *Id*. To that end, these policies "are furthered by the second court's exercising judicial self-restraint." *Id*.

In the present circumstances, there is no good reason for the Court to proceed. With regard to judicial economy, the parties in the Flaum case have negotiated a stipulated order to facilitate discovery production, fully briefed a motion to compel the production of class discovery, and moved for appointment as interim class counsel, and judicial resources have already been expended in litigating that action. Moreover, neither the balance of convenience nor special circumstances warrant not staying the common claims in this second-filed suit.

Finally, Mr. Lee can make no showing of "special circumstances" which would warrant a departure from the first to file rule. *See, William Gluckin & Co. v. International Playtex Corp*., 407 F. 2d 177, 178 (2nd Cir. 1969) (citing two examples of such circumstances). The first example is the so-called "customer action" where the first-filed suit is against a customer of the alleged infringer while the second suit involves the infringer himself. *Delamere Company v. Taylor-Bell Company*, 199 F.Supp. 55 (S.D.N.Y.1961). The second example is where forum shopping alone motivated the choice of the situs for the first suit. *Rayco Mfg. Co. v. Chicopee Mfg. Co*., 148 F.Supp. 588 (S.D.N.Y.1957). This, however, is not applicable to the present case; there has been no specific finding of forum shopping in the *Flaum* case, nor is one inferable. Accordingly, this case should be dismissed or stayed pending *Flaum's* resolutions, or alternatively transferred to proceed with *Flaum*.

### (i)   No Compelling Reason Exists to Not Apply the First-to-File Rule.

As an initial matter, the Defendant in both cases is identical[3] and, although the named plaintiffs differ, the named plaintiff here is a member of the class in Flaum. Also, the proposed classes in two the cases are materially identical. The only difference is Flaum covers a longer time period (because it was filed earlier). Indeed, as noted, the proposed class in Flaum subsumes the proposed class in this case. Thus, the parties in the two cases are not just "substantially similar" (which is all the rule requires), but functionally identical. Moreover, the issues in the two cases are identical. Both cases arise under FACTA, both assert the same material facts (Defendant's practice of printing the first six and last four digits of its customers' credit card numbers on its transaction receipts), both allege Defendant's violation of the law was willful, and both seek statutory damages as a result.

"The first-to-file rule is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Group v. Auto Parts Mfg. Mississippi*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citation omitted). *See also Arthur v. Sallie Mae, Inc.*, No. 2:10-cv-00198-JLR (W.D. Wash. June 6, 2011) (it is within the court's discretion to allow intervention by a party with a "claim or defense that shares with the main action a common question of law or fact" and "[i]ntervention is allowed liberally in class actions."). To be sure, there is no justification for disregarding it here. Mr. Flaum has demonstrated the efficiencies to be achieved by dismissing, staying or transferring this lawsuit pending the resolution of the first-filed and more advanced *Flaum* case. Conversely, there is no evidence that Flaum was filed in bad faith, or in anticipation of the instant case, or as a result of forum shopping (it was filed where Mr.

---

[3] Defendant has even retained the same counsel.

Flaum resides). If anything, it bears asking why Mr. Lee's counsel even filed a lawsuit materially identical to *Flaum*; after all, the *Flaum* action was certainly no secret.  That said, even if the filing of this case was purely coincidental, it cannot be disputed that *Flaum* was filed first, or that *Flaum* will resolve the same claims this case presents on behalf of the class proposed here, or that Mr. Lee is a member of the *Flaum* class, or that *Flaum* is more advanced than this case. Thus, it cannot be disputed that it would promote judicial economy to apply the first-to-file rule, and either dismiss or stay this case pending *Flaum's* resolution, or alternatively transfer this case to proceed with *Flaum* in coordinated proceedings before a single judge.

### IV. Conclusion

For the foregoing reasons, Mr. Flaum respectfully requests the Court grant his motion to intervene and grant his corresponding motion to dismiss or stay this action, or alternatively transfer it to the Southern District of Florida to proceed with Flaum, pursuant to the first-to-file rule.

Respectfully Submitted:  September 20, 2016

 *s/ James S. Giardina*
JAMES S. GIARDINA, ESQ.
The Consumer Rights Law Group, PLLC
3104 W Waters Avenue
Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055
Fax: (866) 535-7199

SCOTT D. OWENS, ESQ.
The Law Office of Scott D. Owens, Esq.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Attorneys for Intervenor, Shane Flaum