USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-23-2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEE,

Plaintiff,

-against-

No. 16CV1104-LTS-JCF

BUTH-NA-BODHAIGE, INC.,

Defendant.

ORDER

The Court has reviewed the motion for preliminary approval of the proposed class action settlement and supporting documents in the above-captioned action. The Court invites submission of revised documentation, addressing the issues described below, and will continue the motion under advisement pending receipt of the parties' response to this Order.

1. Settlement Agreement

a) Scope of Release

The Court assumes that the parties do not intend to have class members release claims unrelated to the credit card information issue, such as personal injury or product liability claims. Please clarify the scope of the Release by changing the language that begins on the ninth line of paragraph 13 on page 6 of the agreement to read (added language is underscored):

connection with or related to the Action), that concern the disclosure of credit or debit card information of the Plaintiff and/or Settlement Class members and

Please make conforming clarifying changes to the descriptions of the release in the Notices as well.

b) Equitable Relief Provision (page 8)

Please note that the submissions in advance of the Final Hearing will have to include proof satisfactory to the Court that The Body Shop is in compliance with FACTA at all of its U.S. retail locations.

c) Opt-Out Procedure (page 9)

Please note that the deadlines for filing of the originals of the Opt-Out Notices and providing copies to counsel are inconsistent as between the Preliminary Approval Order and the Settlement Agreement. Kindly conform them so as to ensure that Counsel will have their copies in time to include a list of the persons opting-out in their motion papers in support of final approval, which will be due 21 days before the hearing date. Please also make provision, in the Preliminary Approval Order, for submission to the Court for final review of any determination that an Opt-Out Notice is invalid.

d)      Objection Procedure (page 10)

Kindly revise the agreement, Preliminary Approval Order and Notices to provide that objections are to be served on counsel only, and then filed by counsel with the Court together with the papers on the motion for final approval, which must also include a list of the objectors who wish to speak and counsel's responses to the objections. This will help to ensure that informal objection correspondence sent by individuals to the Court does not go astray. Please note also that section VII/7 on page 17 provides that the Administrator is responsible for gathering objections for reporting to the Court, so please clarify and conform the provisions concerning procedures and responsibilities.

f)      Rejection of Invalid Claim Forms (pages 16-17)

Kindly revise to provide for the submission to the Court for final review (after notice to the affected would-be claimant) of any determination rejecting a claim as invalid.

g)      Confidentiality of Class Member Information (page 13)

Please add a carve-out for the required filings of Opt-Out Notices and Objections.

2.      Direct Notice (Exhibit B)

a)      General Comment

Please see the more detailed comments marked on the Exhibit E version of the notice and make any necessary conforming changes. Please also revise the objection filing and timetable provisions as flagged in the comments on the Settlement Agreement.

b) Paragraph 11 - "How do I get out of the Settlement?"

The Court notes that the other documents provide that a class member cannot give valid notice of exclusion for another class member. Please revise that procedure or clarify this paragraph, which indicates that "someone" can give exclusion notice on behalf of a class member.

3. Publication Notice (Exhibit C)

Please add a bold face headline (along the lines of "Important Legal Notice For Customers of The Body Shop").

4. Preliminary Approval Order (Exhibit D)

a) General Comments

Please make revisions addressing the substantive and procedural concerns highlighted above. Also, please confirm the timetable that the Court needs to apply in setting the hearing date. It appears at this point that the Court should take into account 30 days for mailing the notice, plus 45 days for opt-outs and objections, plus 30 days for the Administrator to receive stragglers and file the opt-outs with the Court (the Court assumes that the notices will also be provided to counsel within this 30 day period). From the Court's perspective, Counsel's motion for final approval, to include a list of the opt-outs, a list of the objectors who have requested permission to speak, and copies of any objections filed and responses to the objections, as well as evidence concerning FACTA compliance and evidence supporting all other required factual determinations by the Court and a memorandum of law, must be filed 21 days before the final hearing date.

The current version of the proposed order contains blanks for the name of the Administrator entity and the address to be used for sending communications to the Administrator; please fill those in. Some specific additional comments follow.

b) Specific Comments

Please insert the words "If the settlement is approved," at the beginning of Paragraph 11 on page 7.

Please insert the mailing address for the Administrator in Paragraph 19.a.

Please clarify the "attestation" provisions of the order and the Notices by supplying specific language that the potential Class Member is to use in the

communication. There is language in Exhibit F that seems adaptable for this purpose.

Please insert the words "pending final approval" at the end of Paragraph 33.

5.    Full Legal Notice (Exhibit E)

The purpose of, and circumstances under which this form of notice is to be used, are unclear. The Court may have overlooked a cross-reference in this connection. Please clarify.

Please revise the notice to address the substantive and procedural concerns that are discussed above. The attached copy of the draft notice reflects additional specific comments and concerns that should also be addressed, as relevant, in the revisions of the other documents.

The parties must file a joint status letter if the revision has not been submitted to the Court by **March 10, 2017.**

SO ORDERED.

Dated: New York, New York
       February 22, 2017

LAURA TAYLOR SWAIN
United States District Judge

being provided with this Notice because

## FULL LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

To All persons who, between February 12, 2011 and ***[INSERT DATE CLASS IS CERTIFIED]*** made a purchase at any The Body Shop retail location in the United States with a credit or debit card, and were provided an electronically-printed receipt that displayed more than the last five digits of the card number, you are a settlement class member in a class action settlement pending in the United States District Court for the Southern District of New York.

**SINCE YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR RIGHTS.**

There is now pending in the United States District Court for the Southern District of New York, a lawsuit entitled *Henry Lee v. Buth-Na-Bodhaige, Inc., d/b/a The Body Shop, S.D.N.Y. Case No. 1:16-cv-01104-LTS* (the "Action").

### WHAT IS THE ACTION ABOUT?

Plaintiff, Henry Lee ("Lee"), filed a class action lawsuit against *Buth-Na-Bodhaige, Inc., d/b/a The Body Shop* ("The Body Shop"), which owns and/or operates The Body Shop stores in the United States, on behalf of himself and the class of people described above. The Action alleges that The Body Shop willfully and intentionally violated the Fair and Accurate Credit Transactions Act (15 U.S.C. § 1681 *et seq.*) ("FACTA"). FACTA requires, among other things, that no more than the last five digits of a consumer's credit or debit card numbers be displayed on receipts presented to customers at the point of sale. Specifically, Lee alleges that The Body Shop violated FACTA by providing its customers with credit or debit card receipts displaying more than the last five digits of the card number.

The Body Shop denies any wrongdoing and any liability whatsoever. No court or other entity has made any judgment or other determination of liability.

### WHY IS THIS A CLASS ACTION?

In a class action, one or more people referred to as Class Representatives (in this case there is only one, Henry Lee) sue on behalf of people with similar claims. All of these individuals are Settlement Class Members, and together they constitute a Settlement Class. One court resolves the issues for all Settlement Class Members, except for those who expressly exclude themselves from the Settlement Class. United States District Judge Laura Taylor Swain presides over this lawsuit and the pending class action settlement.

### WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Lee or The Body Shop. Lee believes he would have prevailed at trial, while The Body Shop maintains that Lee would not have prevailed at trial. But there was no trial. Instead, both sides have agreed to a settlement, so as to avoid the risks inherent in a trial, while simultaneously providing the affected Settlement Class Members with an opportunity to receive compensation. The Class Representative and the attorneys for all

parties believe that it is in the best interest for all Class Members to settle the Action on the terms generally set forth herein, in order to avoid the uncertain outcomes, risks and delays associated with further litigation. The settlement was reached through arms-length negotiations between the parties. Judge Laura Taylor Swain has preliminarily found that the settlement is fair, adequate, and reasonable to the Settlement Class and determined that the Action should proceed as a class action, for purposes of settlement only, with Lee serving as the representative of the Settlement Class. Judge Swain granted preliminary approval of the settlement, subject to a final fairness hearing discussed below. This Notice explains the nature of the lawsuit and the general terms of the settlement, and informs you of your legal rights and obligations.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

All persons who, between February 12, 2011 and ***[INSERT DATE CLASS IS CERTIFIED]***, made a purchase with a credit or debit card at any of The Body Shop's retail locations in the United States where **an electronically-printed receipt was received at the point of sale or in a transaction that displayed more than the last five digits of that person's credit or debit card number** is a member of the Settlement Class. Notwithstanding the foregoing, all persons who are or have been enrolled in The Body Shop's "Love Your Body™ Loyalty Program" for whom The Body Shop has an e-mail or physical address, and who made a debit or credit card transaction between April 23, 2014 and January 9, 2016, shall be included in the Settlement Class.

## WHAT DOES THE SETTLEMENT PROVIDE?

If the Court approves this settlement, The Body Shop has agreed to compensate each Class Member with a $12.00 gift card ("Settlement Benefit"). This gift card is redeemable at any The Body Shop Store retail store or online at The Body Shop's website (www.thebodyshop-usa.com), and may be used the same as cash, including in conjunction with any other gift certificate, voucher, coupon or promotion, as well as for payment of tax. The gift card is not redeemable for cash in any instance, is not transferable, but is fully stackable. The gift card must be activated in the manner and within the timeframe that will be provided, but once activated the gift card will not expire. The parties believe there are at least 392,000 potential class members.

Subject to Court approval, Lee will receive a Class Representative Fee of $4,000.00 for his services as Class Representative and his efforts in bringing the Action. The attorneys for the Class ("Class Counsel") in obtaining a successful result to enforce liability under FACTA will be paid up to $500,000.00 for their attorneys' fees and costs. Class Counsel believes the amounts for attorneys' fees, costs and Class Representative Fee Award are reasonable, and The Body Shop has agreed to not object to such amounts being requested. However, the final decision regarding the amounts to be paid to the Class Representative and Class Counsel are subject to the discretion of the Court and the Court's approval. Payment of attorneys' fees, costs, and the representative fee award will in no way affect the benefits ultimately provided to the Class.

prior to [class closing date]

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

If the Court approves the proposed Settlement, it will enter a dismissal of the Action with prejudice as to all Settlement Class Members. All Class Members who do not validly and timely request to opt out from the proposed Settlement Agreement shall be forever barred from prosecuting their own lawsuits regarding the display of debit or credit card numbers and shall be deemed to have released The Body Shop and its past, present and future parent companies, subsidiaries, divisions, affiliates, franchisees, predecessors, successors, and assigns, and in the case of all such entities, their respective present and former general partners, limited partners, principals, members, directors, attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, representatives, administrators, trustees, transferees, insurers, and persons or entities acting on behalf or at the direction of any of the foregoing (collectively, the "Released Parties"), from any and all claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, damages, agreements, costs and expenses, of whatever kind, nature or description, irrespective of legal theory, whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation, including both known and unknown claims, accrued and un-accrued claims, foreseen and unforeseen claims, direct and indirect claims, and mature and un-mature claims, for monetary and non-monetary relief (including without limitation attorneys' fees, costs or disbursements incurred by the Plaintiff and/or Settlement Class Members or their counsel in connection with or related to the Action), that were or could have been asserted by the Plaintiff and/or Settlement Class Members against the Released Parties in this Action, including claims arising out of, or in connection with, or in any way related to the claims Plaintiff Lee made under FACTA and all claims for identity theft under any applicable federal, state or local statute, common law or regulation (collectively, the "Legal Issues in the Action").

concern the disclosure of credit or debit card information of the plaintiff and/or settlement class members and

## HOW DO I SUBMIT A CLAIM?

If The Body Shop has your mailing or e-mail address, then you are a "Direct Notice Settlement Class Member" and will receive the Settlement Benefit without having to submit a claim. If The Body Shop does not have your mailing or e-mail address you will have to submit a claim. This is explained below.

The Body Shop will send a direct notice to the e-mail or mailing addresses that they have for the Direct Notice Settlement Class Members. If you receive this notice, you need not do anything further to be part of the Settlement Class. Following the Final Approval Hearing, the Court would then direct the mailing of an activation code for your Settlement Benefit to the e-mail or physical address used for your direct notice. You will have 120 days from the date of mailing to enter the activation code according to simple instructions you will be provided. Once the activation code is submitted, you will be provided the Settlement Benefit, which may be used immediately and will never expire.

If you do not receive a direct notice letter in the mail, but believe yourself to be part of the Settlement Class, you may submit a claim by obtaining a claim form at the following website **[insert website]** or by submitting a written request for a claim form to: ______________________________.

OM 420336 1

You must submit this claim form, either online at ____________________ [insert website] or by mailing the form to the following address: ______________________. If you do mail the claim form, it must be postmarked no later than _______________ **[insert end of Claims Period date]** and received at the address within 10 days of [**insert end of Claims Period date**].

To demonstrate the validity of a claim, you must submit the following information in one of two ways:

1. You can submit a completed claim form (found on this website) online, providing as much of the information as you know including: your full name, the city and state of The Body Shop store where you made your purchase, the method of payment used to make the purchase (i.e., credit or debit card), and the date (e.g., month and year) or best estimate of the date upon which the purchase was made.

   As part of your claim form, you must submit **<u>either</u>**:

   (A) the receipt of purchase or your debit or credit card statement, or

   (B) an attestation ~~in writing or electronically~~ to the truth of the above statements and that you received a debit or credit card receipt from The Body Shop that contained more than the last five digits of the card number.

   The online claim form must be signed electronically before it will be accepted. Claim forms submitted online will be considered timely if submitted no later than ___________________________ [**insert end of Claims Period date**].

please provide exact language to be used or refer to the form on the website

2. Alternatively, you can submit a completed claim form by mail, providing as much information as you know including: your full name, the city and state of The Body Shop store where you made your purchase, the method of payment used to make the purchase (i.e., credit or debit card), and the date (e.g., month and year) or best estimate of the date upon which the purchase was made.

   As part of your claim form, you must submit **<u>either</u>**:

   (A) the receipt of purchase or your debit or credit card statement, or

   (B) an attestation in writing ~~or electronically~~ to the truth of the above statements and that you received a debit or credit card receipt from The Body Shop that contained more than the last five digits of the card number).

   Please make sure to sign the claim form before submitting it. Once you have completed and signed the claim form, you can mail it to the following address:

Administrator

________________________________________

________________________________________

________________________________________

Completed Claim Forms submitted by mail must be postmarked no later than [**insert end of Claims Period date**] and received at the above address within 10 days of that date.

## WHEN DO I GET MY SETTLEMENT BENEFIT?

The Court will hold a hearing on ______ at _______a.m. to decide whether to issue final approval of the Settlement Agreement. ~~Assuming there are no appeals, a~~ll Class Members who do not Opt-Out, as discussed below, will receive the Settlement Benefit and an activation code within thirty (30) days of the Court issuing final approval and either the exhaustion of any appeals or the expiration of time to file appeals, if no appeals are filed. The Settlement Benefit will include simple instructions on how to activate the gift card. The activation code must be submitted online within 120 days of receipt. Once the activation code is submitted, the Class Member may use the gift card immediately and the gift card will not expire.

## WHAT DO I GIVE UP TO GET THE SETTLEMENT BENEFIT?

Unless you exclude yourself, you remain in the Settlement Class. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties (including The Body Shop) regarding the Legal Issues and subject transactions involved in the Action. It also means that all of the Court's orders will apply to you and legally bind you moving forward.

please explain in plain English

Class Counsel believes that this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. In reaching this conclusion, Class Counsel has analyzed the benefits of the Settlement and the litigation risks that the Class Representative and Settlement Class Members face if the case were not settled, including, among other things, an adverse decision on class certification, and an unfavorable outcome on the merits, as well as the expense and length of continued proceedings necessary to litigate this Action. The claim asserted on behalf of the Settlement Class against The Body Shop is under FACTA. FACTA is a federal privacy protection statute which provides for both individual actions and class actions. FACTA damages are available for either a negligent violation or a willful violation. Plaintiff has not alleged a negligent violation in the Complaint. For a negligent violation, the person bringing the suit may recover only actual damages suffered, whereas, for a willful violation, statutory damages of between $100.00 and $1,000.00 are to be awarded and, in the Court's discretion, punitive damages. The person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

restricts the credit or debit card information that can be printed on a receipt and

OM 420336 1

## CAN I EXCLUDE MYSELF FROM THE CLASS?

As a Class Member, you have the right to exclude yourself from the Class and the Settlement Agreement. If you wish to be excluded, you must mail to the Administrator, or have mailed to the Administrator on your behalf, an appropriate written request for exclusion ("Opt-Out Notice"), including your name, address, telephone number and signature, postmarked on or before the Opt-Out Date set by the Court and actually received by the Administrator within ten (10) days of the Opt-Out Date. You may also use an opt-out form found on the following website **[insert website]**. No Class Member, nor any person acting on behalf of or in concert or in participation with a given Class Member, may request the opt out of any other Class Member(s) from the Class. The original Opt-Out Notices ~~shall be filed~~ with the Court not later than fifteen (15) days after the Opt-Out Date. The filing shall redact any ~~included, but unnecessary for an opt-out~~, Social Security number of the Class Member requesting exclusion, except for the last three digits. Copies of the Opt-Out Notices will be provided by the Administrator to Class Counsel and counsel for The Body Shop not later than ten (10) days after the Opt-Out Date. If this Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written Opt-Out Notice from the Settlement will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated, or subsequently initiate, individual litigation or other proceedings against The Body Shop relating to the claims released, pursuant to or covered by the terms of this Settlement.

## CAN I OBJECT TO THE SETTLEMENT?

If you wish to object to the Settlement Agreement, you must timely ~~file~~ a written objection ~~and/or a Notice of Intent to Appear with the Court~~ (the "Objection"), ~~and serve such Objection~~ upon Class Counsel and The Body Shop's Counsel at the addresses set forth below.

Any Objection must state: (a) the full name and address of the person objecting; (b) the words "Notice of Objection" or "Formal Objection"; and (c) must set forth, in clear and concise terms, the legal and factual arguments supporting the objection to the proposed Settlement Agreement, including any legal support you wish to bring to the Court's attention and a description of any evidence you wish to introduce in support of the objection. ~~The Objection shall not be valid if it merely objects to the appropriateness of the Action or the merits of the Action.~~ If you are objecting to the settlement, you may also appear at the Final Approval Hearing. If you ~~will~~ appear, your objection must additionally state that ~~the~~ you intend to appear ~~at the~~ Final Approval Hearing, ~~your~~ specific objections on which you wish to be heard during the Final Approval Hearing, and the name, address, and telephone number of any attorney who will speak or appear on your behalf.

Members of the Settlement Class who fail to make objections in the manner specified herein shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. Class Members shall not be entitled to speak at the Fairness Hearing unless they have ~~filed and~~ served on all counsel-of-record a timely Objection pursuant to this Paragraph.

Any Class Members that choose to object must ~~file their objections with the Court. Class Members~~s must ~~also~~ serve their Objections on Class Counsel and Counsel for The Body Shop via mail or hand delivery at the following addresses:

**Class Counsel**

Joshua C. Dickinson
Bryant T. Lamer
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216

Robert L. Lash
HUR & LASH, LLP
390 Fifth Avenue, Suite 900
New York, New York 10018
Phone: (212) 468-5590
Fax: (212) 468-5599

**Defendant's Counsel**

Kerry Alan Scanlon
Jeremy White
MCDERMOTT, WILL & EMERY LLP
500 N. Capitol Street N.W.
Washington, DC 20001
Phone: (202) 756-8696
Fax: (202) 756-8087

To be considered, the notice and objection papers must be ~~received by the Court and delivered~~ or postmarked to Class Counsel and The Body Shop's Counsel no later ~~than forty-five (45) days from initial Notice~~. CLASS MEMBERS WHO DO NOT TIMELY MAKE THEIR OBJECTIONS IN THIS MANNER WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND SHALL NOT BE ENTITLED TO BE HEARD AT THE FINAL APPROVAL HEARING. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your personal attorneys' fees and costs.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement Agreement. You can only object if you are a valid Settlement Class Member and you stay in the Settlement Class (i.e., refrain from excluding yourself from the Class). Excluding yourself is telling the Court you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis upon which to object because the Action no longer affects you personally.

## FINAL APPROVAL HEARING

On _______ at _________ a.m., a hearing will be held on the fairness of the proposed settlement (the "Final Approval Hearing"). At the Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement. The Final Approval Hearing will take place before Judge Laura Taylor Swain in the U.S. Courthouse, 500 Pearl Street, Courtroom 12D, New York, New York 10007.

## DO I HAVE TO COME TO THE FINAL APPROVAL HEARING?

No. Class Counsel will answer any questions Judge Swain may have regarding the terms of the proposed Settlement. You, however, are welcome to come at your own expense. If you send an Objection, you do not need to come to Court to talk about it. As long as you have filed your written Objection on time, the Court will consider it during its proceedings. You may also pay your own lawyer to attend the hearing, but it is by no means necessary.

## CAN I OBJECT TO THE SETTLEMENT AT THE FINAL APPROVAL HEARING?

You may object to the Settlement Agreement at the Final Approval Hearing. In order to do so, you must ~~file a Notice of Intention to Appear which must~~ include [in your timely written Objection] a statement that you intend to appear at the Final Approval Hearing, your specific reasons for your objection, your name, address, telephone number, and signature. If you will have an attorney represent you, his/her name, address and telephone number must be provided. Your ~~Notice of Intention to Appear must be filed with the Court~~ [Objection must be] not later than ~~forty-five (45) days from Initial Notice~~ [put specific date here], ~~and also~~ served upon Class Counsel and Counsel for The Body Shop, via first class mail or hand delivery, at the following addresses:

**Class Counsel**

Joshua C. Dickinson
Bryant T. Lamer
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216

Robert L. Lash
HUR & LASH, LLP
390 Fifth Avenue, Suite 900
New York, New York 10018
Phone: (212) 468-5590
Fax: (212) 468-5599

**Defendant's Counsel**

Kerry Alan Scanlon
Jeremy White
MCDERMOTT, WILL & EMERY LLP
500 N. Capitol Street N.W.
Washington, DC 20001
Phone: (202) 756-8696
Fax: (202) 756-8087

Case 1:16-cv-01104-LTS Document 73-6 Filed 01/24/17 Page 10 of 10

## WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing at all and The Body Shop has e-mailed or mailed you notice about this settlement, or you have timely submitted a valid claims form, you will be a member of the Settlement Class and will receive the Settlement Benefit and activation code following the Court's final approval of the proposed Settlement.

If you do nothing at all and The Body Shop has not e-mailed or mailed you notice about this settlement, or you have not timely submitted a valid claims form, you will be a member of the Settlement Class but you cannot sue The Body Shop for its conduct related to the Legal Issues in the Action and you will not receive the Settlement Benefit.

## ADDITIONAL INFORMATION

This description of the Action is general and does not cover all of the issues and proceedings thus far. You may seek the advice of your own private attorney at your own expense. In order to obtain more information about this lawsuit and a copy of the Proposed Class Action Settlement please log onto www.________.com. If you wish to communicate with Class Counsel identified above, you may do so by contacting Joshua C. Dickinson and Bryant T. Lamer, Spencer Fane LLP, 1000 Walnut, Suite 1400, Kansas City, MO 64106; jdickinson@spencerfane.com; blamer@spencerfane.com; (816) 474-8100; or Robert L. Lash, Hur & Lash, LLP, 390 Fifth Avenue, Suite 900, New York, NY 10018; rlash@hlnylaw.com; (212) 468-5590.