# EXHIBIT 1

## FIRST AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT

The parties hereby amend the Class Action Settlement Agreement filed on January 24, 2017 (Dkt. No. 73-1) ("Agreement"), as follows:

1. The definition of "Released Claims" set forth in Article I, Paragraph 13 of the Agreement is hereby modified by adding the underlined portion identified below:

> "Released Claims" is defined as any and all claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, damages, agreements, costs and expenses, of whatever kind, nature or description, irrespective of legal theory, whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation, including both known and unknown claims, accrued and un-accrued claims, foreseen and unforeseen claims, direct and indirect claims, and mature and un-mature claims, for monetary and non-monetary relief (including without limitation attorneys' fees, costs or disbursements incurred by the Plaintiff and/or Settlement Class Members or their counsel in connection with or related to the Action), that <u>concern the disclosure of credit or debit card information of the Plaintiff and/or Settlement Class Members and</u> were or could have been asserted by the Plaintiff and/or Settlement Class Members against the Released Parties in this Action, including claims arising out of, or in connection with, or in any way related to the claims Plaintiff Lee made under FACTA and all claims for identity theft under any applicable federal, state or local statute, common law or regulation.

2. The second sentence in Article I, Paragraph 16 of the Agreement is hereby deleted in its entirety and replaced with the following provision:

> Notwithstanding the foregoing, all persons who are or have been enrolled in The Body Shop's "Love Your Body™ Loyalty Program" for whom The Body Shop has an e-mail or physical address, and who made a debit or credit card transaction at any of The Body Shop's retail locations in the United States between April 23, 2014 and January 9, 2016, shall be included in the Settlement Class and hereinafter referred to as the "Direct Notice Settlement Class Members."

3. The following provision shall be added as the third sentence in Article II, Paragraph 2 of the Agreement:

> At least 21 days prior to the Final Approval Hearing, The Body Shop shall submit to the Court, copying Class Counsel, a declaration or other proof satisfactory to the Court attesting that The Body Shop is in compliance with FACTA at all of its U.S. retail locations.

4. In Article IV, Paragraph 3 of the Agreement, the phrase "and file with the Court" is hereby deleted in its entirety, and the following provision shall be added as the new third and fourth sentences in that paragraph:

> Class Counsel shall file any such objection with the Court, as well as a list of the objectors who requested to be heard at the Final Approval Hearing and Class Counsel's response to any objections, at least 21 days prior to the date of the Final Approval Hearing. Counsel for The Body Shop shall also file any response to the objections by that deadline.

5. The third sentence in Article VI, Paragraph 3(c) of the Agreement is hereby deleted and replaced with the following sentence: "The website shall include information about the Action and the Settlement, including copies of the Complaint in the Action, the Motion for Preliminary Approval, the Preliminary Approval Order, a copy of this Settlement Agreement, a Full Legal Notice explaining the Settlement and its terms in a form substantially similar to Exhibit "E" ("Full Legal Notice"), a downloadable Claim Form, and the name, address and telephone number of the Administrator."

6. The third sentence in Article VI, Paragraph 4 of the Agreement is hereby deleted and replaced with the following sentence: "The Administrator and Class Counsel shall keep all personal information, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of the Settlement Class Members strictly confidential in accordance with applicable law and confidentiality agreements that they shall execute or have already executed, except that Opt-Out Notices, Objections and any Claim deemed invalid by the Administrator will be provided to the Court in accordance with the Preliminary Approval Order."

7. The last sentence in Article VII, Paragraph 5(b) of the Agreement is hereby deleted and replaced with the following provision:

> The potential Settlement Class Member shall either: (A) attach a copy of the receipt of purchase or their debit or credit card statement, or (B) provide an attestation in writing or

2

electronically to the truth of the above statements and that he or she received an electronically-printed debit or credit card receipt from The Body Shop's store in the United States that contained more than the last five digits of the card number.

8. The following provisions shall be added after the last sentence in Article VII, Paragraph 5(d) of the Agreement:

> All claims determined by the Administrator to be invalid shall be submitted to the Court (after notice is provided to the affected would-be claimant) at least 21 days before the Final Approval Hearing for final determination of their validity. A claimant whose claim was determined by the Administrator to be invalid, but upon final review by the Court determined to be valid shall be notified by the Administrator of that final determination.

9. In Article VII, Paragraph 7 of the Agreement, the phrase "gather any objections for reporting to the Court" is hereby deleted in its entirety.

10. The following Exhibits are hereby revised and included as part of the Agreement: (i) Direct Notice (Exhibit B); (ii) Publication Notice (Exhibit C); (iii) a proposed Order granting preliminary approval to the Class Settlement (Exhibit D); (iv) Full Legal Notice (Exhibit E); Claim Form (Exhibit F); and Opt-Out Notice (Exhibit G).

11. Except as amended and/or modified by this First Amendment, all other terms of the Agreement shall remain in full force and effect.

12. This First Amendment may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one First Amendment, which shall be binding upon and effective as to all Parties and Settlement Class Members. Signatures that are electronic, scanned, faxed, photographed, photocopied, and/or emailed shall be considered as valid as an original written signature.

IN WITNESS WHEREOF, the undersigned have duly executed this First Amendment to the Agreement as of the date indicated below:

PLAINTIFF AND SETTLEMENT CLASS MEMBERS

By: _____  Date: _____
    Henry Lee, Individually and on
    behalf of the Settlement Class

CLASS COUNSEL

By: _____  Date: _____
    Joshua C. Dickinson, Esq.
    Bryant T. Lamer, Esq.
    Spencer Fane LLP

By: _____  Date: _____
    Robert Lash, Esq.
    Hur & Lash, LLP

THE BODY SHOP

By: _/s/ Maria Harris_____  Date: 3/8/17
    Maria Harris
    Vice President & General Counsel – Americas

COUNSEL FOR THE BODY SHOP

By: _/s/ Kerry Alan Scanlon_____  Date: 3/8/17
    Kerry Alan Scanlon
    McDermott Will & Emery LLP

APPROVED:

_____  Date: _____
Hon. Laura Taylor Swain
United States District Judge

PLAINTIFF AND SETTLEMENT CLASS MEMBERS

By: _____  Date: March 8, 2017
Henry Lee, Individually and on
behalf of the Settlement Class

CLASS COUNSEL

By: _____  Date: 3-8-17
Joshua C. Dickinson, Esq.
Bryant T. Lamer, Esq.
Spencer Fane LLP

By: _____  Date: 3/8/17
Robert Lash, Esq.
Hur & Lash, LLP

THE BODY SHOP

By: _____  Date: _____
Maria Harris
Vice President & General Counsel – Americas

COUNSEL FOR THE BODY SHOP

By: _____  Date: _____
Kerry Alan Scanlon
McDermott Will & Emery LLP

APPROVED:

_____  Date: _____
Hon. Laura Taylor Swain
United States District Judge

4