USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-2017

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

HENRY LEE, on behalf of himself
and all others similarly situated,

                      Plaintiff,

      v.

BUTH-NA-BODHAIGE, INC.,
d/b/a THE BODY SHOP, and DOES 1-10,

                    Defendant.

----------------------------------------------------------------x

16-cv-01104-LTS

## ORDER GRANTING UNOPPOSED MOTION FOR (1) CONDITIONAL CLASS CERTIFICATION; (2) APPOINTMENT OF CLASS REPRESENTATIVE; (3) APPOINTMENT OF CLASS COUNSEL; (4) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS; AND (5) SETTING OF FINAL APPROVAL HEARING

WHEREAS, Plaintiff Henry Lee, on behalf of the Class, as defined below ("Plaintiff"), has entered into a settlement (the "Settlement") of the claims asserted in the above-captioned class action (the "Action") with Defendant Buth-Na-Bodhaige, Inc., d/b/a The Body Shop ("The Body Shop");

WHEREAS, the "Settlement Class Members," as defined in Section I, Paragraph 16 of the Class Action Settlement Agreement between Plaintiff and The Body Shop (the "Settlement Agreement"), consists of:  All persons who used a debit or credit card at any of The Body Shop's retail locations in the United States where an electronically-printed receipt was provided at the point of sale or transaction that displayed more than the last five digits of the card's number during the period beginning February 12, 2011 to the date the class is certified for settlement purposes. Notwithstanding the foregoing, all persons who are or have been enrolled in The Body Shop's "Love Your Body™ Loyalty Program" for whom The Body Shop has an e-mail or physical

address, and who made a debit or credit card transaction at any of The Body Shop's retail locations in the United States between April 23, 2014, and January 9, 2016, shall be included in the Settlement Class and hereinafter referred to as the "Direct Notice Settlement Class Members";

WHEREAS, the Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order appointing class counsel and class representatives, and certifying for purposes of settlement a class of all persons who used a debit or credit card at any of The Body Shop's retail locations in the United States where an electronically-printed receipt was provided at the point of sale or transaction that displayed the expiration date of that person's debit or credit card(s) during the period beginning February 12, 2011 to the date the class is certified for settlement purposes;

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement of this Action in accordance with the Settlement Agreement; and

WHEREAS, the Court, having read and considered the Settlement Agreement and the papers filed in support of Plaintiff's Unopposed Motion For (1) Conditional Class Certification; (2) Appointment of Class Representative; (3) Appointment of Class Counsel; (4) Preliminary Approval of Class Action Settlement and Notice to Class; and (5) Setting of Final Approval Hearing, and finding that substantial and sufficient grounds exist for entering this Order;

IT IS HEREBY ORDERED:

## DEFINITIONS

The Court, for purposes of this Order, adopts all definitions of terms set forth in the Settlement Agreement.

## APPOINTMENT OF CLASS REPRESENTATIVES

1.      The Court finds that Plaintiff Henry Lee will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure and therefore appoints Plaintiff as Class Representative.

## APPOINTMENT OF CLASS COUNSEL

2.      The Court finds that proposed class counsel are qualified to represent the Class and therefore appoints as Class Counsel Joshua C. Dickinson and Bryant T. Lamer of the law firm of Spencer Fane LLP and Robert L. Lash of Hur & Lash, LLP pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

3.      The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Action should the proposed Settlement Agreement not ultimately be approved, the proposed Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and therefore certifies the Settlement Class for settlement purposes only.

## PRELIMINARY APPROVAL AND SETTLEMENT HEARING

4.      The Court finds that for purposes of preliminary approval, the terms of the Settlement Agreement appear to be fair, reasonable and adequate, and are within the range of reasonableness for a class settlement.  The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of Fed. R. Civ. P. 23(e) (the "Final Approval Hearing"), which shall be held before this Court on ___August 11___, 2017, at _2 : 00_ a.m./p.m. in Courtroom 12D of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

5.      During the Final Approval Hearing, the Court will: (i) determine whether the proposed Settlement is fair, reasonable and adequate; (ii) determine whether any objections to the Settlement should be overruled; (iii) determine whether a Final Order approving the Settlement and dismissing the action should be entered; and (iv) consider the petition by Class Counsel for payment of a reasonable Fee and Expense Award to include attorneys' fees, costs and expenses, and a class representative incentive fee.

## NOTICE TO CLASS MEMBERS

6.      Class Counsel and counsel for The Body Shop shall cause notice of the pendency of the Action, the proposed Settlement, the Final Approval Hearing, and the petition by Class Counsel for payment of a reasonable Fee and Expense Award, as follows:

(a)      **Direct Notice.** Within thirty (30) days of the entry of this Order, Direct Notice in a form substantially similar to Exhibit "**B**" to the Settlement Agreement will be e-mailed to all Direct Settlement Class Members for whom The Body Shop has an e-mail address and mailed to all Direct Settlement Class Members for whom The Body Shop has a physical address. Based on The Body Shop's good-faith investigation to date, The Body Shop has represented that they are in possession of contact information in the form of e-mail and/or physical addresses for approximately 392,000 Direct Settlement Class Members. All other potential Class Members shall receive Publication Notice and can make a claim for class benefits as provided in Section VII. The Body Shop is responsible for paying for such Notice.

(b)      **Publication Notice.** Within thirty (30) days of the entry of this Order, Publication Notice in a form substantially similar to Exhibit "**C**" to the Settlement Agreement shall appear and be published in the USA Today, or another a newspaper of general national publication. Publication Notice shall appear as a 1/8 page advertisement.

The Publication Notice shall run no fewer than two times at least five days apart within thirty (30) days following entry of the Preliminary Approval Order.

(c)     **Website Notice.**   Within seven days following the Court's entry of a Preliminary Approval Order, but in no event later than the date the Direct Notice begins or the Publication Notice is first published, the Administrator shall create, maintain and establish a dedicated and operational settlement website. The website's address shall be referenced in the Direct Notice and the Publication Notice. The website shall include information about the Action and the Settlement, including copies of the Complaint in the Action, The Motion for Preliminary Approval, the Preliminary Approval Order, a copy of this Settlement Agreement; a Full Legal Notice explaining the Settlement and its terms in the form substantially similar to Exhibit "E" to the Settlement Agreement, a downloadable Claim Form, and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until thirty (30) days following entry of the Final Order.

(d)     The Administrator will file with the Court and serve upon Class Counsel and The Body Shop's Counsel, no later than ten (10) days prior to the Final Approval Hearing, an affidavit or declaration stating that Notice has been completed in accordance with the terms of this Preliminary Approval Order.

(e)     The Administrator will file with the Court and serve upon Class Counsel and The Body Shop's counsel, no later than ten (10) days prior to the Final Approval Hearing, an affidavit or declaration stating that the dedicated settlement website has been created in accordance with the terms of this Preliminary Approval Order.

(f)      Dahl Administration, located at 6465 Wayzata Boulevard, Suite 420, Minneapolis, MN 55426 shall serve as the Administrator and shall assist in the Notice and Settlement claims administration process.

7.      The Court approves the form of Notice. The Court finds that the procedures established for Notice and the posting and publication of such Notice as set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.      The Administrator shall be responsible for the receipt of all written communications from the Settlement Class and shall preserve same, and all other written communications from members of the Settlement Class, or any other person in response to the Notices, until at least thirty (30) days after the Effective Date.

## OPT OUT FROM THE SETTLEMENT

9.      The "Opt-Out Date" shall be forty-five (45) days from the initial Notice. Each potential Class Member who wishes to be excluded from the Settlement must mail to the Administrator at the address provided in the Class Notice and disclosed in the website, a clear written request for exclusion ("Opt-Out Notice") either in their own format or on a form created and approved by the Administrator and available on the settlement website (the "Opt-Out Form"). In either of these two events, the opt-out notice must include his or her name, address, and telephone number, and it must be personally signed by the Class Member. The opt-out notice must be postmarked on or before the Opt-Out Date and actually received by the Administrator within ten (10) days of the Opt-Out Date. The Administrator will provide an Opt-Out Form on the website. An Opt-Out Notice that does not include all of the foregoing information or that is sent to an address other than the one designated in the Notice or that is not received within the time specified,

shall be invalid.  No potential Class Member, or any person acting on behalf of or in concert or in participation with that potential Class Member, may request exclusion of any other potential Class Member from the Settlement.

10.   A Class Member must mail or otherwise deliver to the Administrator an appropriate written Opt-Out Notice, including his or her name, address, and telephone number, that is personally signed by the Class Member, which request must be postmarked on or before  June 7 , 2017 (the "Opt-Out Date") and actually received by the Administrator at the following address:

> Body Shop Settlement
> c/o Dahl Administration
> P.O. Box 3614
> Minneapolis, MN 55403-0614

The original Opt-Out Notices shall be filed with the Court by the Administrator not later than thirty (30) days after the Opt-Out Date.  The filing shall redact any Social Security numbers of the person requesting to opt out, except for the last three digits.  All Opt-Out Notices deemed to be invalid by the Administrator shall be submitted to the Court within thirty (30) days after the Opt-Out Date for final review of any determination that an Opt-Out Notice is invalid.  Copies of Opt-Out Forms will be provided by the Administrator to Class Counsel and counsel for The Body Shop not later than fifteen (15) days after the Opt-Out Date.

11.   If the settlement is approved, all Class Members (excluding those who have timely and properly requested to opt out in the manner set forth in Paragraph 9, to the limited extent provided by the terms of the Settlement Agreement) shall be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant relating to the claims released pursuant to or covered by the

terms of the Settlement. Once the Settlement has received final approval, each Settlement Class

Member who has not opted out will automatically be sent an activation code, activation

instructions, and one $12.00 gift card. Settlement Class Members shall have 120 days from when

the activation code is sent to submit the activation code online. Once the Settlement Class Member

submits the activation code, the gift card, which the Settlement Class Member may print and/or

download, shall be immediately usable at any The Body Shop retail store or on The Body Shop's

website and shall not expire.

## OBJECTIONS BY CLASS MEMBERS

12.     Subject to the requirements as set forth in Paragraphs 13 and 14 below, any Class

Member who has not requested exclusion from the Settlement may appear at the Final Approval

Hearing to show cause as to any of the following: (i) why the proposed Settlement should not be

approved as fair, reasonable and adequate; (ii) why a judgment should not be entered thereon; or

(iii) why Class Counsel should or should not be awarded the attorneys' fees, costs, or

reimbursement of expenses requested and Class Representative incentive fees. In accordance with

the Settlement Agreement, any Class Member may so object either on their own or through an

attorney hired at their own expense.

13.     In order to contest the approval of the Settlement Agreement, a Class Member must

serve Class Counsel and counsel for The Body Shop (by mail, hand or by facsimile transmission)

no later than forty-five (45) days from the initial Notice, a written statement of objections, signed

by the Class Member or his/her duly authorized agent, including his/her name and address, setting

forth his/her objections, as well as the specific reason(s), if any, for each objection, including any

legal support the Class Member wishes to bring to the Court's attention, and a description of any

evidence the Class Member wishes to introduce in support of the objection. The addresses for

service of such objections to Class Counsel and The Body Shop's Counsel are as follows:

**CLASS COUNSEL:**

Joshua C. Dickinson
Bryant T. Lamer
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216

Robert L. Lash
HUR & LASH, LLP
390 Fifth Avenue, Suite 900
New York, New York 10018
Phone: (212) 468-5590
Fax: (212) 468-5599

**COUNSEL FOR DEFENDANT:**

Kerry Alan Scanlon
Jeremy White
MCDERMOTT, WILL & EMERY LLP
500 N. Capitol Street N.W.
Washington, DC 20001
Phone: (202) 756-8696
Fax: (202) 756-8087

If the objecting Class Member intends to appear at the Final Approval Hearing, the objection must also include: (1) a statement that the objecting Class Member intends to appear at the Final Approval Hearing; (2) the specific objections the objecting Class Member wishes to be heard upon at the hearing; and (3) the name, address and telephone number of any attorney who will speak or appear on the objecting Class Member's behalf. No later than 21 days before the Final Approval Hearing, Class Counsel shall file with the Court the Motion for Final Approval, which shall include copies of all objections, a list of any objecting Class Member who wishes to speak at the Final Approval Hearing, and a response to the objections.

14.     Any objecting Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her right to appear at the hearing. Any Class Member who

9

does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the plan for distribution of economic relief and equitable relief pursuant to the Settlement Agreement or the request for attorneys' fees, reimbursement of expenses and Class Representative incentive fees.

## CLAIMS (CLAIMS PROCESS)

15.     Within 30 days after approval of the Final Order, all Settlement Class Members for whom The Body Shop has contact information sufficient for the delivery of such notice and who did not timely opt-out shall receive a $12.00 The Body Shop gift card, together with an activation code and instructions, which indicate that the Settlement Class Member need only submit the activation code in order for the gift card to be effective (i.e., no claims form or other information is required) ("Activation Notice"), from The Body Shop in the same manner as that Settlement Class Member received Direct Notice.  The Activation Notice shall provide an online address (URL) and, for those receiving notice by e-mail, a hyperlink to that online address, where the Settlement Class Member shall be able to input the activation code.

16.     Settlement Class Members shall have 120 days from receipt of the Activation Notice to input the activation code as described above.

17.     Once the activation code is submitted in the manner described above, the gift card, which the Class Member may print and/or download, shall be immediately usable at any The Body Shop retail store or on The Body Shop's website (www.thebodyshop-usa.com) and shall not expire.

18.     The Claims Period for those potential Class Members for whom The Body Shop does not maintain contact information shall begin upon the first provision of Publication Notice and shall conclude 90 days thereafter.

19.     Potential Class Members may submit claims during the Claims Period for determination whether their claims constitute Valid Claims. To constitute a "Valid Claim", a claim must meet the following conditions:

a.     The claim must be submitted within the Claims Period and may be submitted online, via the website established by the Administrator, or mailed to the Administrator at Body Shop Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614. Claims forms submitted by mail shall be deemed as submitted within the Claims Period so long as said forms are postmarked within the Claims Period and actually received by the Administrator within 10 days of the end of the Claims Period.

20.     A Valid Claim may be submitted by completing a Claim Form, which shall be made available to potential Class Members by the Administrator upon written request or on the dedicated website established by the Administrator.  The potential Class Member will state in the Claim Form that he or she purchased an item at one or more of The Body Shop's retail locations in the United States using a credit or debit card during the Class Period, and provide a mailing or e-mail address to which the Activation Notice may be sent.  The potential Class Member shall be asked to state as much of the following information as the potential Class Member knows: (1) his/her name; (2) city and state of the store from which the purchase was made; (3) method of payment; and (4) the date (e.g., month and year) or best estimate of the date upon which the purchase was made.

11

The potential Class Member shall **either**:

(A) attach a copy of the receipt of purchase or your credit or debit card statement, or

(B) complete the attestation found in Section 2(B) of the Claim Form found on the settlement website, which provides "I [Class Member] hereby declare and attest under the penalty of perjury that the information provided in Section 1 of the claim form is true and accurate and that I received an electronically-printed debit or credit card receipt from The Body Shop's store in the United States that contained more than the last five digits of my credit or debit card number."

21.    For each Valid Claim belonging to a Class Member who does not choose to opt out of the Settlement in a timely fashion, The Body Shop shall send a $12.00 The Body Shop gift card and Activation Notice to the e-mail or physical address indicated by the Settlement Class Member on the claims form, and the activation code must be submitted in the manner and within the timeframe provided above.  Once the activation code is submitted in this manner and timeframe, the gift card, which the Settlement Class Member may print or download, shall be immediately usable at any The Body Shop retail store or on The Body Shop's website and shall not expire.

22.    A claim is not valid if: (1) the claims form is post-marked after the Claims Period; (2) it is materially incomplete or otherwise does not contain sufficient information for the Administrator to determine its validity; (3) it does not contain the evidence required by paragraph 20 above such as an attestation in writing or by electronic means by the person identified on the Claim Form; (4) it duplicates another Claim Form submitted by the same person; (5) it is submitted by a Class Member who received Direct Notice; or (6) if it contains materially false information as to the claim.  The Body Shop reserves the right to verify whether the information set forth in the Claim Form is accurate and to submit its findings to the Administrator.  The determination of

12

whether a submission constitutes a Valid Claim is at the sole discretion of the Administrator. All claims that are determined by the Administrator to be invalid shall be submitted to the Court (after notice is provided to the affected would-be claimant) for final review of any determination rejecting a claim as invalid. A claimant whose claim was determined by the Administrator to be invalid, but upon final review by the Court determined to be valid shall be notified by the Administrator of that final determination.

23.    Any Settlement Class Member for whom The Body Shop has a physical address but not an e-mail address or who does not provide an e-mail address on the claims form, but who has a Valid Claim, may request that the gift card, together with an activation code and instructions, be delivered by regular mail to his or her physical address rather than electronically. Such gift cards must be activated online by the Settlement Class Member within 120 days of mailing, and once activated shall not expire.

24.    The Administrator shall monitor the class communications to ensure compliance with the orders of the Court and the Settlement Agreement, and provide an affidavit or declaration in support of final judgment. The Administrator shall also handle any claims made by actual or potential Class Members receiving Publication Notice.

## PRESERVATION OF PRE-SETTLEMENT RIGHTS

25.    If the Settlement and the Settlement Agreement, as a whole, are not approved by the Court or do not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if the Settlement Agreement had never been made. Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the

13

Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have.

## ADDITIONAL OBLIGATIONS OF THE PARTIES

26.     The Administrator shall be responsible for administering the initial receipt of responses to the Notice, responding to inquiries from Class Members, filing all Opt-Out Notices with the Court and preserving all correspondence in response to the Notice.

27.     The Body Shop and/or the Administrator shall cause to be filed with the Court affidavit(s) or declaration(s) of the person or persons under whose general direction Notice shall have been provided, showing that such Notice has been provided in accordance with this Order by _August 1_ , 2017.

28.     Class Counsel shall submit to the Court any papers in support of the settlement and any papers in support of its application for attorneys' fees, reimbursement of expenses and class representative incentive fee by _July 7_ , 2017.

29.     Class Counsel and counsel for The Body Shop, if they choose, shall file with the Court and serve on opposing counsel any papers in response to any objection received, no later than twenty-one (21) days prior to the Final Approval Hearing.

## MISCELLANEOUS

30.     Nothing in this Order releases, resolves or otherwise affects any claims that The Body Shop has against third-party defendant Verifone, Inc.

## POWERS AND JURISDICTION OF THE COURT

31.     The Court expressly reserves its right to adjourn the Final Approval Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto that are acceptable to the Parties, without any further notice to Settlement Class Members.

14

32.     The Court will have continuing jurisdiction over the Action for the purpose of

implementing the Settlement until the Action and all related matters are fully resolved, and for

enforcement of the Settlement, the Settlement Agreement and Final Order thereafter.

33.     The Parties to the Settlement Agreement are directed to carry out their obligations

under the terms thereof pending final approval.

**APPROVED AND SO ORDERED:**

_____
Hon. Laura Taylor Swain, U.S.D.J.

Dated: __March 21__, 2017