**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

HENRY LEE, on behalf of himself      :
and all others similarly situated,      :
     :
     Plaintiff,      :      16-cv-01104-LTS
     :
     v.      :
     :
BUTH-NA-BODHAIGE, INC.,      :
d/b/a THE BODY SHOP, and DOES 1-10,      :
     :
     Defendant.      :
-----------------------------------------------------------------x

## UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND ENTRY OF FINAL JUDGMENT

PLEASE TAKE NOTICE that that upon the accompanying Declaration of Robert L. Lash, dated July 21, 2017, with exhibits thereto, the Declaration of Nancy A. Baker, dated July 21, 2017, with exhibits thereto, the supporting memorandum of law, and all papers and proceedings herein, Plaintiff will move this court, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 17C, New York, New York, before the Honorable Laura Taylor Swain, United States District Judge, on August 11, 2017 at 2:00 p.m., for an Order pursuant to Federal Rule of Civil Procedure 23 granting final approval of the Class Action Settlement Agreement submitted in this matter and for such other and further relief as the Court deems just and proper.  A proposed Order is attached to this Motion as Exhibit A.

Respectfully submitted,

HUR & LASH, LLP

By: /s/ Robert L. Lash
**Robert L. Lash**
390 Fifth Avenue, Suite 900
New York, NY 10018
T: 212.468.5590
F: 212.468.5599
rlash@hlnylaw.com

**Bryant T. Lamer** (*Pro Hac Vice*)
**Patrick J. McAndrews**
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
blamer@spencerfane.com
pmcandrews@spencerfane.com

**Joshua C. Dickinson**  (*Pro Hac Vice*)
Spencer Fane LLP
12925 West Dodge Road, Suite 107
Omaha, NE 68154
Telephone: (402)-965-8600
Fax: (402)-965-8601
jdickinson@spencerfane.com

TO:     ALL COUNSEL OF RECORD

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
HENRY LEE, on behalf of himself                    :
and all others similarly situated,                      :
                                                                       :
                            Plaintiff,                        :      16-cv-01104-LTS
                                                                       :
            v.                                                       :
                                                                       :
BUTH-NA-BODHAIGE, INC.,                           :
d/b/a THE BODY SHOP, and DOES 1-10,         :
                                                                       :
                            Defendant.                     :
-------------------------------------------------------------x

<u>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**</u>
<u>**AGREEMENT AND ISSUANCE OF FINAL JUDGMENT AND ORDER OF DISMISSAL**</u>
<u>**WITH PREJUDICE AND APPROVAL OF CLASS COUNSELS' ATTORNEYS' FEES**</u>
<u>**AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE FEE**</u>

The Court, having considered the Motion of Plaintiff Henry Lee ("Plaintiff") for Final Approval (the "Motion") of the Agreement of Settlement ("Settlement") with Defendant Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop") and Approval of Attorneys' Fees and Expenses and Class Representative Incentive Fee, having held a fairness hearing on August 11, 2017, and having considered all of the submissions and arguments finds:

1.       This Court has jurisdiction over the subject matter of this lawsuit, the class representative, the settlement class members and the Defendant.

2.       On March 21, 2017, and for purposes of settlement only, the Court ordered the certification of a "Settlement Class" defined as all persons who used a debit or credit card at any of The Body Shop's retail locations in the United States where an electronically-printed receipt was provided at the point of sale or transaction that displayed more than the last five digits of the card's number during the period from February 12, 2011 to the date the class is certified for settlement purposes (the "Settlement Class Period").

3.     Notice was provided to the Settlement Class Members as set forth and agreed upon in the Settlement Agreement.

4.     Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and such notice was given in an adequate and sufficient manner constituting the best notice practicable under the circumstances, and satisfying all requirements of Rule 23(e) and due process.

5.     The Settlement was arrived at as a result of arms-length negotiations and mediation, conducted in good faith by counsel for the parties, and is supported by the Class Representative.

6.     The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

7.     The Court finds that the Settlement is fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

8.     All Settlement Class Members (who have not timely and properly requested to opt out) shall be bound by the release and other terms and conditions set forth herein.  The Court finds that the consideration described in the Settlement Agreement (which involves a $12 gift card) is reasonable considering the facts and circumstances of the transactions at issue, the type of claim and affirmative defenses asserted in the Action and other FACTA litigation over several years, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

9.     The Parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or relating in any way to any dispute arising out of the Settlement Agreement.

10.     It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether a person is a Settlement Class Member) and any Released Party that relates, in any way, to the applicability or scope of the Settlement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

11.     The Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

12.     The Court finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only because the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

13.     The Settlement submitted by the Parties is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class, and the Parties are directed to consummate the Settlement in accordance with its terms.  The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement (Doc. 73-1), as amended (Doc. 76-1).

14.     The Action is hereby dismissed with prejudice and without costs.

15.     Defendant is hereby ordered to comply with the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), at all its currently company-owned and operated locations in the United States.

16.     For purposes of this Final Judgment and Order of Dismissal the Settling Plaintiffs and each Settlement Class Member shall be deemed, as of the Effective Date, to have, and by operation of this Final Order shall have, fully, finally and forever released, relinquished and discharged all claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, damages, agreements, costs and expenses of whatever kind, irrespective of legal theory, whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation, including both known and unknown claims, accrued and un-accrued claims, foreseen and unforeseen claims, direct and indirect claims, and mature and un-mature claims, for monetary and non-monetary relief (including without limitation attorneys' fees, costs or disbursements incurred by the Plaintiff and/or Settlement Class Members or their counsel in connection with or related to the Action), that concern the disclosure of credit or debit card information of the Plaintiff and/or Settlement Class Members and were or could have been asserted by the Plaintiff and/or Settlement Class Members against the Released Parties in this Action, including claims arising out of, or in connection with, or in any way related to the claims Plaintiff Lee made under FACTA and all claims for identity theft under any applicable federal, state or local statute, common law or regulation.

17.     "Released Parties", as used herein, means, collectively, Settling Defendant, and its past, present and future parent companies, subsidiaries, divisions, affiliates, franchisees, predecessors, successors, and assigns, and in the case of all such entities, their respective present and former general partners, limited partners, principals, members, directors, attorneys, officers,

4

employees, stockholders, owners, agents, subrogees, independent contractors, representatives, administrators, trustees, transferees, insurers, and persons or entities acting on behalf or at the direction of any of the foregoing. "Settling Plaintiffs", as used herein, means Henry Lee and all persons or entities acting on her behalf or at her direction and on behalf of the Settlement Class, as defined herein.

18.     The Released Claims are hereby finally compromised, settled, released, discharged and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

19.     Settlement Class Members and their heirs, executors, representatives, successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

20.     The Court awards $500,000.00 as attorneys' fees, costs and expenses to Class Counsel and an incentive fee award in the amount of $4,000.00 to Henry Lee, all payments to be made by the Defendant within thirty (30) days after the Effective Date as defined in the Settlement Agreement.

21.     Without affecting the finality of this Judgment, the Court retains jurisdiction of this settlement, including the administration, consummation and enforcement of the Settlement Agreement and the Final Order.  In addition, the Court will resolve any dispute regarding the parties' obligations pursuant to the Settlement Agreement or interpretation of the Settlement Agreement or the Final Order.

22.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
Laura Taylor Swain, U.S.D.J.

Dated: _____, 2017

6